UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 1:15-cr-20073 |
| Plaintiff, | Hon.   Thomas L. Ludington |
| v. | <u>Offense</u>: possession with intent to distribute heroin; 21 USC 841(a)(1) and (b)(1)(C) |
| JOHN DEREK DUGAN, | |
| Defendant. | <u>Statutory Penalties:</u><br>Imprisonment – no more than 20 years<br>Supervised Release – at least three years<br>Fine – no more than $1,000,000 |

_____/

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant and the government agree as follows:

**1.    GUILTY PLEA**

**A.    Count of Conviction**

Defendant will enter a plea of guilty count **five** of the indictment, which charges defendant with possessing with intent to distribute heroin, in violation of U.S.C. § 841(a)(1).

**B.    Elements of Offense**

The elements are:    1) that defendant knowingly possessed a controlled substance; 2) that he did so with intent to distribute that substance; and 3) that the

substance was heroin, a schedule I controlled substance.

### C.   Factual Basis for Guilty Plea

The parties agree that the following facts are true, and are a sufficient basis

for defendant's guilty plea:

> *On July 10, 2014, defendant John Dugan sold a small quantity of heroin at his residence, 302 Huron Street in Houghton Lake, Michigan, to a confidential informant working undercover with officers of the Michigan State Police Strike Team Investigative Narcotics Group (STING).   Based on information from the informant and observations of Dugan, officers stopped a vehicle being driven by Dugan later that same day; searched him; and found that he had eight small packets of heroin.   After being advised of his rights Dugan admitted to the officers that he had earlier bought 12 packets of heroin for $200; sold four of them to the informant for $100; gave three to his paramour; used two himself; and then bought another five packets with the $100 he had obtained from the informant.   Dugan possessed the resulting eight packets found by the officers with the intent to distribute some of them to other persons, and to use the remaining packets himself.*

> *As part of this plea agreement defendant Dugan admits that he had been selling cocaine; Dilaudid pills; and heroin in small quantities to numerous users since he was released from jail in 2013 from the last of his felony drug convictions. Dugan further admits that he made many of these sales from his residence at 302 Huron Street in Houghton Lake, Michigan, and that – based on his extensive record of prior convictions for felony drug offenses -- he is a "career offender" within the meaning of the United States Sentencing Commission Guidelines.*

## 2.   SENTENCING GUIDELINES

### A.   Standard of Proof

The court will find sentencing factors by a preponderance of the evidence.

### B.   Agreed Guideline Range

There are no sentencing guideline disputes.   Except as provided below,

defendant's guideline range is **151-188 months**, as stated in the attached worksheets.   If the court finds that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; committed a new offense; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice, and if any such finding results in a higher guideline range, the higher guideline range becomes the agreed range.

Based on the present circumstances, the U.S. Attorney recommends that defendant be granted a reduction of two levels for acceptance of responsibility. The U.S. Attorney may recommend against giving defendant credit for acceptance of responsibility if, after the guilty plea has been entered, the U.S. Attorney's office learns of information inconsistent with the adjustment.   Additionally, the U.S. Attorney agrees that defendant has assisted the authorities, within the meaning of USSG §3E1.1(b), in the prosecution of defendant's own misconduct by timely notifying authorities of the intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.   The U.S. Attorney therefore moves that defendant be granted a third level reduction for acceptance of responsibility.

Neither party may take a position concerning the applicable guidelines that is different from that reflected in the attached worksheets, except as necessary to the court's determination regarding defendant's criminal history, acceptance of responsibility, and obstruction of justice.

3.    **SENTENCE**

The court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

A.    **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the mid-point of the sentencing guideline range as determined by paragraph 2B of this agreement.

B.    **Supervised Release**

A term of supervised release follows the term of imprisonment.    The court **must** impose a term of supervised release on Count Five of no less than **three years** but no more than life. The agreement concerning imprisonment described above does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.    **Special Assessment**

4

Defendant will pay a special assessment of **$ 100**.

### D.    <u>Fine</u>

The court may impose a fine on each count of conviction in any amount up to **$ 1,000,000**.

### E.    <u>Restitution</u>

Restitution is not applicable to this offense

## 4.    <u>OTHER CHARGES</u>

If the court accepts this agreement, the government will dismiss counts one through four of the indictment.   In addition, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

## 5.    <u>GOVERNMENT'S RECOMMENDATION</u>

In exchange for defendant's guilty plea and acceptance of responsibility pursuant to this agreement, the government will RECOMMEND that the court sentence defendant to no more than the minimum of the applicable guideline range determined by the Court pursuant to paragraph 2B.   Defendant understands that the government's recommendation is not binding on the court, and that if the court decides not to follow that recommendation, defendant will not have the right to

withdraw his guilty plea or withdraw from this agreement.

**6.    EACH PARTY'S RIGHT TO WITHDRAW FROM THIS
       AGREEMENT**

The government may withdraw from this agreement if the court finds the

correct guideline range to be less than that recommended by the government.

Defendant may withdraw from this agreement, and may withdraw his guilty

plea, if the court decides to impose a sentence higher than the maximum allowed by

this agreement – the mid-point of the guideline range determined by the court.

This is the only reason for which defendant may withdraw from this agreement.

**7.    APPEAL WAIVER**

If the sentence imposed does not exceed the maximum allowed by Part 3 of

this agreement, defendant waives the right to appeal his conviction or sentence on

any grounds.   If the sentence imposed is within the guideline range determined by

Paragraph 2B, the government agrees not to appeal the sentence but retains its right

to appeal any sentence below that range.

Nothing in this waiver shall be construed to bar a claim of ineffective

assistance of counsel, provided that the defendant properly raises such claim by

collateral review under 28 U.S.C. § 2255.

## 8.   CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION

If defendant is allowed to withdraw his guilty plea, or if any conviction entered pursuant to this agreement is vacated, any charges dismissed pursuant to this agreement and additional charges which relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, may be filed against defendant within six months after the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final.   Defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 9.   PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 10.   SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties.   Except as provided in the next paragraph, this agreement supersedes all other promises, representations,

understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

However, unless expressly stated herein, this agreement does not supersede or abrogate the terms of any cooperation agreement between the parties, and each party retains whatever obligations and protections that exist under such cooperation agreement. Similarly, unless expressly stated herein, this agreement does not supersede or abrogate the terms of any proffer letter (often referred to as a "Kastigar letter"), pursuant to which defendant agreed to provide information to the government to assist the government in determining how to resolve the matter, but which also provided defendant certain protections in the form of agreed upon restrictions on the government's ability to use the information provided. Unless expressly stated herein, the terms and conditions of any such proffer letter are not abrogated by this plea agreement, and remain operative and binding on the parties according to the terms of that proffer letter. This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against

any property, by the United States or any other party.

## 11.   **ACKNOWLEDGMENT**

Defendant understands that a felony conviction makes it illegal under most circumstances for a person to possess or receive a firearm or ammunition that has been shipped in or affects commerce.

## 12.   **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on _4-28-15_. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.


                                        BARBARA L. McQUADE
                                        United States Attorney


_Craig F. Wininger / KH_              _Robert W. Haviland_
CRAIG F. WININGER                     ROBERT W. HAVILAND
Assistant U.S. Attorney               Assistant U.S. Attorney
Chief, Branch Offices

Date:

By signing below, defendant acknowledges having read (or been read) this entire document, understanding it, and agreeing to its terms.   Defendant also acknowledges being satisfied with defense attorney's advice and representation. Defendant acknowledges having had a full and complete opportunity to confer with counsel, and that all of defendant's questions have been answered by counsel.

_____          _____
JEFFREY M. DAY                            JOHN DEREK DUGAN
Attorney for Defendant                    Defendant

Date:    4-29-15

| Defendant: | John Derek DUGAN | Count: | Five |
|---|---|---|---|
| Docket No.: | 1:15-cr-20073 | Statute(s): | 21 USC 841(a)(1) |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

**1.    BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2D1.1(a)(5) | Base level, less than 10 grams of heroin | 12 |
| 2D1.1(b)(12) | Maintained premises for distributing controlled substance | 2 |
| | | |
| | | |
| | | |

**2.    ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

A-1

| Defendant: | John Derek DUGAN | Count: | Five |
|---|---|---|---|
| Docket No.: | 1:15-cr-20073 | Statute(s): | 21 USC 841(a)(1) |

3.    **ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

14

\* \* \* \* \* \* \* \*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

x

*If the defendant has no criminal history, check this box and skip Worksheet C.*

A-2

| Defendant: | John Derek DUGAN | Count: | Five |
|---|---|---|---|
| Docket No.: | 1:15-cr-20073 | Statute(s): | 21 USC 841(a)(1) |

## WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

1.     **PRIOR SENTENCES**

**Prior Sentence of Imprisonment Exceeding 13 Months**                                   **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                                   **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                                   **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct   and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

C-1

| Defendant: | John Derek DUGAN | Count: | Five |
|---|---|---|---|
| Docket No.: | 1:15-cr-20073 | Statute(s): | 21 USC 841(a)(1) |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| 11/29/2004 | ___ | R&C < $200 | $300 fine | | 1 |
| 3/8/2005 | ___ | del/mfr marijuana | 6 months | | 2 |
| 8/22/2006 | ___ | possession of methamphetamine, and delivery of cocaine < 50g | 39 days; 6 months custody plus 30 months' probation | | 2 |
| 11/21/2006 | ___ | del/mfr marijuana | 12 months | | 2 |
| 3/9/2010 | ___ | carrying weapon with felonious intent | 4 months | | 2 |
| 9/6/2012 | ___ | Del/mfr marijuana | 4 months | | 2 |
| 10/23/2012 | ___ | Delivery of narcotic, < 50 grams | 1 year | | 2 |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\* A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | John Derek DUGAN | Count: | Five |
|---|---|---|---|
| Docket No.: | 1:15-cr-20073 | Statute(s): | 21 USC 841(a)(1) |

## 2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

## 3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

## 4. TOTAL CRIMINAL HISTORY POINTS
Enter the sum of the criminal history points entered in Items 1-4.

13

## 5. CRIMINAL HISTORY CATEGORY

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥ 13 | VI |

VI

C-3

| Defendant: | John Derek DUGAN | Count: | Five |
|---|---|---|---|
| Docket No.: | 1:15-cr-20073 | Statute(s): | 21 USC 841(a)(1) |

## WORKSHEET D (Guideline Range)

1.  **(COMBINED) ADJUSTED OFFENSE LEVEL**
    Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

    14

2.  **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

    -2

3.  **TOTAL OFFENSE LEVEL**

    Enter the difference between Items 1 and 2.

    12

4.  **CRIMINAL HISTORY CATEGORY**

    Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

    VI

5.  **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. CH. 4, PT. B)**

    a.  Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

    29

    b.  Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

    VI

6.  **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
    Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

    151-188

D-1

| Defendant: | John Derek DUGAN | Count: | Five |
|---|---|---|---|
| Docket No.: | 1:15-cr-20073 | Statute(s): | 21 USC 841(a)(1) |

**7.  STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



months

D-2

| Defendant: | John Derek DUGAN | Count: | Five |
|---|---|---|---|
| Docket No.: | 1:15-cr-20073 | Statute(s): | 21 USC 841(a)(1) |

## WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**

    a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

    [x] 1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

    [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

    [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

    b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

    [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6)

    [ ] 2. No more than 3 years (total offense level < 6).

    c. Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

    [x] a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

    [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | John Derek DUGAN | Count: | Five |
|---|---|---|---|
| Docket No.: | 1:15-cr-20073 | Statute(s): | 21 USC 841(a)(1) |

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a.   <u>Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)</u>
         The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.   <u>Length of Term of Supervised Release (U.S.S.G. § 5D1.2)</u>

      ☐   1.   At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

      ☐   2.   At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

      ☐   3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

      ☒   4.   The statute of conviction requires a minimum term of supervised release of    3    years.

    c.   <u>Conditions of Supervised Release (U.S.S.G. § 5D1.3)</u>
         The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

      ☐   1.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

      ☐   2.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $_____.

| Defendant: | John Derek DUGAN | Count: | Five |
|---|---|---|---|
| Docket No.: | 1:15-cr-20073 | Statute(s): | 21 USC 841(a)(1) |

3.  The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

4.  The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

[x]  5.  Restitution is not applicable.

6.  **FINE (U.S.S.G. § 5E1.2)**

    a.  <u>Fines for Individual Defendants</u>

    The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

    b.  <u>Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))</u>

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $15,000 | $1,000,000 |

E-3

| Defendant: | John Derek DUGAN | Count: | Five |
|---|---|---|---|
| Docket No.: | 1:15-cr-20073 | Statute(s): | 21 USC 841(a)(1) |

7.  **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
    The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

    - $100.00 for every count charging a felony ($400 for a corporation),
    - $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
    - $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
    - $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

    The defendant must pay a special assessment or special assessments in the total amount of $ 100            .

8.  **FORFEITURE (U.S.S.G. § 5E1.4)**

    [   ] Assets of the defendant will be forfeited.  [ x ] Assets of the defendant will not be forfeited.

9.  **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**
    List any additional applicable guideline, policy statement, or statute.

    _____

    _____

    _____

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**
    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

    none  _____

    _____

    _____

E-4