UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN DEREK DUGAN,

                    Petitioner,                          Case No. 15-cr-20073

v.                                                       Honorable Thomas L. Ludington
                                                         Magistrate Judge Patricia T. Morris
UNITED STATES OF AMERICA,

                    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, GRANTING RESPONDENT'S MOTION TO DISMISS, AND DENYING PLAINTIFF'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255

On August 3, 2015, Petitioner John Derek Dugan was sentenced to 140 months of incarceration after pleading guilty to possession of heroin with intent to distribute. ECF No. 22. On December 19, 2017, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 22. That motion was referred to Magistrate Judge Patricia T. Morris. ECF No. 25. On January 12, 2018, the Government filed a motion to dismiss the petition to vacate the sentence. ECF No. 27. On February 28, 2018, Judge Morris issued a report recommending that the motion to dismiss be granted and the petition dismissed. ECF No. 29.

In this case, Judge Morris concluded that Petitioner's motion to vacate was untimely. She explained that Dugan's judgment was entered on August 3, 2015. Dugan had fourteen days to appeal, but chose not to. Accordingly, and pursuant to *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) and *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002), Dugan's conviction became final on August 17, 2015. Pursuant to 28 U.S.C. § 2255(f)(1), there is

a one year statute of limitations period on § 2255 petitions which runs from the date on which the judgment of conviction becomes final.

Judge Morris concluded that "the motion to vacate should have been filed by August 17, 2015 (14 days after judgment was entered on August 3, 2015)." Rep. & Rec. at 5. That is incorrect. August 17, 2015, was the date when Dugan's conviction became final for § 2255 purposes. The one-year statute of limitations began to run on that date. Thus, the statute of limitations period for Dugan's § 2255 motion expired on August 17, **2016.** Dugan's petition was filed on December 19, 2017, and so it was untimely under § 2255(f)(1).

Judge Morris further considered other possible arguments that the statute of limitations period had not expired. She correctly concluded that the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) did not create a new, retroactively applicable right.

Because the calculation under § 2255(f)(1) was based on a misapprehension of when the statute of limitations period ended, the report and recommendation will be adopted only in part. But because the error was non-determinative, because Judge Morris correctly concluded that Dugan's petition was untimely, and because no objections have been filed, the petition will be dismissed.

Although the Magistrate Judge's report explicitly stated that the parties to this action may object to and seek review of the recommendation within fourteen days of service of the report, neither Petitioner nor Respondent filed any objections. The election not to file objections to the Magistrate Judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal.

Before the petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254.

Having considered the matter, the Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 29, is **ADOPTED in part**.

It is further **ORDERED** that the Government's motion to dismiss, ECF No. 27, is **GRANTED.**

It is further **ORDERED** that Petitioner Dugan's motion to vacate, ECF Nos. 22, is

**DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: March 29, 2018
                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

<div style="border:1px solid #000; background:#ccc;">

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 29, 2018.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager

</div>